IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION

XIN LIN                                                                PETITIONER
A 077 341 573

V.                                                      Cause No. 5:26-cv-00015-DCB-BWR

RAFAEL VERGARA,                                                     RESPONDENT
*in his official capacity as Warden of*
*Adams County Correctional Center*

## REPORT AND RECOMMENDATION

Now before the Court is a Petition [1] filed through counsel by 28 U.S.C. § 2241

Petitioner Xin Lin and a Motion to Dismiss for Mootness [17] filed by Respondent

Rafael Vergara. Petitioner did not respond to the Motion to Dismiss for Mootness.

The Motion to Dismiss for Mootness [17] should be granted and the Petition [1]

dismissed without prejudice as moot.

## I. BACKGROUND

Petitioner is a native and citizen of the People's Republic of China who was

detained in immigration custody at Adams County Correctional Center in Natchez,

Mississippi, when he filed his Petition on January 16, 2026, seeking immediate

release from detention. Pet. [1] at 1. Petitioner entered the United States illegally in

2001. *Id.* at 4. He was placed in removal proceedings, and an immigration judge

issued a removal order against him on November 19, 2003, that became

administratively final on November 19, 2003, when Petitioner's appeal was denied.

*Id.* Petitioner was arrested by U.S. Immigration and Customs Enforcement (ICE) on

June 2, 2025. *Id.* at 5.

On April 3, 2026, Respondent filed a Motion to Dismiss for Mootness, informing the Court that Petitioner was removed from the United States on March 24, 2026. Resp't Mot. [17] at 1. A Warrant signed by an immigration officer shows that Petitioner was removed by a flight that departed on March 24, 2026. Warrant [17-1] at 3.

## II. DISCUSSION

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 477 (1990). "To invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision" *Id*. The "[m]ootness doctrine requires that, to show a case or controversy under Article III of the Constitution, 'through all stages of federal judicial proceedings, trial and appellate[,] . . . parties must continue to have a personal stake in the outcome of the lawsuit." *Bacilio-Sabastian v. Barr*, 980 F.3d 480, 482 (5th Cir. 2020) (finding former immigration detainee's petition moot)(quoting *Lewis,* 494 U.S. at 477-48).

The Petition is moot because Petitioner has been released from ICE custody and removed from the United States. *See Dep't of Homeland Sec. v. Thuraissigiam*, 591 U.S. 103, 106 (2020) (describing habeas in the immigration context as "traditionally . . . a means to secure *release* from unlawful detention" and not "to obtain additional administrative review of his asylum claim and ultimately to obtain

2

authorization to stay in this country.") (emphasis in original). The Petition no longer presents a live case or controversy for purposes of satisfying Article III.

### III. RECOMMENDATION

It is recommended that Respondent's Motion to Dismiss for Mootness [17] be granted and the Petition [1] dismissed without prejudice as moot.

### IV. NOTICE OF RIGHT TO OBJECT

Within fourteen days after being served with a copy of this Report and Recommendation, a party may serve and file specific written objections to the proposed findings and recommendations. Fed. R. Civ. P. 72(b)(2). A party may respond to another party's objections within 14 days after being served with a copy of the objections. *Id.* The district judge will determine de novo any part of the Report and Recommendation that has been properly objected to. Fed. R. Civ. P. 72(b)(3). The district judge may accept, reject, or modify the Report and Recommendation; receive further evidence; or return the matter to the magistrate judge with instructions. *Id.*

An objecting party must specifically identify the findings, conclusions, and recommendations to which he objects. A district judge need not consider frivolous, conclusive, or general objections. A party who fails to file written objections to the proposed findings, conclusions, and recommendations shall be barred, except upon grounds of plain error, from attacking on appeal any proposed factual finding or legal conclusion adopted by the Court to which he did not object. *Douglass v. United Servs. Auto. Assoc.,* 79 F.3d 1415, 1428-29 (5th Cir. 1996), *superseded by statute on other*

*grounds,* 28 U.S.C. § 636(b)(1).

**SIGNED,** this the 5th day of May 2026.

*s/ Bradley W. Rath*

BRADLEY W. RATH
UNITED STATES MAGISTRATE JUDGE